UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:12-CR-704 |
| | § | |
| PABLO GODINES JR | § | |

## ORDER

Pablo Godines, Jr. filed a motion to reduce sentence pursuant to Amendment 782 and 18 U.S.C. § 3582(c)(2) which included a request for counsel to be appointed. D.E. 43. Godines was eligible for consideration pursuant to Amendment 782. Nevertheless, this Court denied him a sentence reduction based upon the need to further need to protect the community. *See* Order dated January 12, 2017. D.E. 42.

Godines pleaded guilty to possession with intent to distribute 312.3 (actual) grams of methamphetamine and was sentenced in July 2013 to 160 months imprisonment. D.E.32. "A defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may apply for a reduction in his sentence if the amendment applies retroactively. 18 U.S.C. § 3582(c)(2). Amendment 782 became retroactive on November 1, 2014. U.S.S.G. § 1B1.10(e).

Godines requests appointment of counsel to assist him with these proceedings. Although the Court may appoint counsel "in the interest of justice, there is no constitutional or statutory right to counsel in a § 3582 proceeding. *United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008); *see also United States v. Hereford*, 385 Fed. App'x. 366, 368 (5th Cir. July 12, 2010) (per curiam) (designated unpublished). In *United States v. Watkins*, 510 Fed. App'x. 325 (5th Cir. Jan. 31, 2013) (per curiam) (designated unpublished) and *United States v. Willard*, 481 Fed.

App'x. 915 (5th Cir. June 26, 2012) (per curiam) (designated unpublished), the district court did not abuse its discretion by failing to appoint counsel in § 3582 proceedings where the defendant, like Godines, was able to make an appropriate motion and the issues were not complex.

At the time of Godines' sentencing, the Court was aware of his criminal background, long-time gang membership, his possession of firearms, and over 160 rounds of various kinds of ammunition. Because Godines had previously been convicted of a felony, his possession of firearms or ammunition was a felony. *See* D.E. 24, ¶ 4. At the time Godines was arrested in 2012, he was on probation for two state convictions, DWI and deadly conduct. *Id*., ¶ 33. Between 2005 and 2012, Godines was convicted of misdemeanor unlawful carrying a weapon, misdemeanor DWI, felony deadly conduct, and misdemeanor DWI. *Id*., ¶¶ 28-31.

When a defendant qualifies for retroactive sentence reduction, the decision whether to reduce a sentence is left to the sound discretion of the trial court. *United States. v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997); *accord United States v. Brooks*, 396 Fed. App'x. 103, 105 (5th Cir. Sept. 24, 2010) (per curiam) (designated unpublished). A district court is required to consider the 18 U.S.C. § 3553(a) factors and the "nature and seriousness of the danger to any person and the community that may be posed by a reduction in the defendant's term of imprisonment . . . ." U.S.S.G. § 1B1.10; application notes 1(B)(2). This Court considered those factors again when the Court denied Godines a sentence reduction, but denied the reduction based upon the further need to protect the community.

Godines presented the Court with certificates from Community Building, Industrial Sewing, and his GED. Despite Godines efforts, his prison education does not offset his history of conduct dangerous to the community. The Court denies his motion (D.E. 43).

SIGNED and ORDERED this 27th day of January, 2017.

_____
Janis Graham Jack
Senior United States District Judge